IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

CIVIL ACTION NO:
1:13-CV-21666-KMW

NORMA RODRIGUEZ,
MAYKEL RUZ, ROMMY SANCHEZ,
and YANILEYDIS CAPOTE,

        Intervening Plaintiffs,        COMPLAINT

    v.

DYNAMIC MEDICAL SERVICES        JURY TRIAL DEMANDED
Inc.

        Defendant.
_____/

**COMPLAINT IN INTERVENTION OF NORMA RODRIGUEZ, MAYKEL RUZ ROMMY SANCHEZ and YANILEYDIS CAPOTE**

Intervenors NORMA RODRIGUEZ, MAYKEL RUZ, ROMMY SANCHEZ and YANILEYDIS CAPOTE through their undersigned counsel, file this Complaint as party Plaintiffs, as authorized by Fed. R. Civ. P. 24.

**JURISDICTION AND VENUE**

1. This action is brought by the Intervenors Plaintiffs, for religious discrimination in employment pursuant to Chapter 760, Florida Statutes, the Florida Civil Rights Act.

2. Jurisdiction of Intervenors' federal claims is invoked pursuant to 28 U.S.C. §§1331, 1332, 1343, 2201 and 2202, and 42 U.S.C. §2000e-5(f). Supplemental jurisdiction over Intervenors' state law claims is conferred by 28 U.S.C. § 1367, as their state and federal claims arise out of a common nucleus of operative fact, as more fully set forth below.

3. Venue lies with this Court as to Intervenors' claims as the events giving rise to her claims occurred in Dade County, Florida.

**PARTIES**

4. The U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Intervenor NORMA RODRIGUEZ (hereinafter "RODRIGUEZ") is a former employee of DYNAMIC MEDICAL SERVICES, having worked for Defendant from approximately March 24, 2008 to March 8, 2010.

6. Intervenor MAYKEL RUZ (hereinafter "RUZ") is a former employee of DYNAMIC MEDICAL SERVICES, having worked for Defendant from approximately November 06, 2008 to March 25, 2010.

7. Intervenor ROMMY SANCHEZ (hereinafter "SANCHEZ") is a former employee of DYNAMIC MEDICAL SERVICES, having worked for Defendant from approximately June, 2007 to March 8, 2010.

8. Intervenor YANILEYDIS CAPOTE (hereinafter "CAPOTE") is a former employee of DYNAMIC MEDICAL SERVICES, having worked for Defendant from approximately May 26, 2009 to June 14, 2010.

9. Defendant DYNAMIC MEDICAL SERVICES, INC. (hereinafter "DYNAMIC") provides medical and chiropractic services to patients.  At all relevant times, Corporate Defendant is a Florida corporation doing business in the State of Florida including Dade County, Florida, has continuously had at least 15 employees, and has been engaged in an industry affecting commerce  under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b),

(g), and (h). Defendant is an employer within the meaning of 42 U.S.C. §2000e (b) and Chapter 760.02 (7), Florida Statutes

## CONDITIONS PRECEDENT

10. More than 30 days previous to the institution of this lawsuit, Intervenors filed a dual Charge with the EEOC alleging that Defendant discriminated against SANCHEZ, RODRIGUEZ, CAPOTE, and RUZ in terms of conditions and privileges of employment, and subjected them to a hostile working environment based on their religion, in violation of Title VII and Florida Civil Rights Act, Chapter 760, Fl Statutes.

11. The Commission issued Letters of Determination finding reasonable cause to believe that (1) DYNAMIC subjected NORMA RODRIGUEZ, MAYKEL RUZ, ROMMY SANCHEZ, YANILEYDIS CAPOTE, and a class of individuals to a hostile work environment based on their religion; (2) Dynamic subjected Norma Rodriguez, MAYKEL RUZ, ROMMY SANCHEZ, and YANILEYDIS CAPOTE to disparate treatment because of their failure to conform to employer's religion; (3) DYNAMIC failed to accommodate the religious beliefs of NORMA RODRIGUEZ, MAYKEL RUZ, ROMMY SANCHEZ, AND YANILEYDIS CAPOTE; (4) and Dynamic terminated NORMA RODRIGUEZ and ROMMY SANCHEZ in retaliation for opposing DYNAMIC'S unlawful employment practices.

12. Prior to the institution of this lawsuit, Intervenors have complied with all pre-suit requirements.

## STATEMENTS OF FACTS

13. Intervenors SANCHEZ, RODRIGUEZ, CAPOTE and RUZ incorporate by reference the allegations stated at Paragraphs 12-46 of Plaintiff Equal Employment Opportunity Commission (EEOC).

### Intervenor Norma Rodriguez

14. Intervenor RODRIGUEZ re-adopts each and every factual allegation as stated in paragraphs 1-12 above, and 47-56 of Plaintiff EEOC [D.E. 1] as if set out in full herein.

15. Intervenor RODRIGUEZ worked for Defendant as a salesperson from approximately April 2008 to March 8, 2010.

16. Defendant DYNAMIC engaged in unlawful discriminatory employment practices in violation of Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760. Defendant coerced RODRIGUEZ to adopt Scientology religious views and practices, subjecting her to a hostile working environment and disparate treatment. Defendant failed to accommodate the religious beliefs of RODRIGUEZ, when she requested not to participate in Scientology religious practices and teachings, on the grounds that she is a Jehovah's Witness. Due to her refusal, DYNAMIC engaged in unlawful retaliation by firing RODRIGUEZ, in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10.

### Intervenor Maykel Ruz

17. Intervenor RUZ re-adopts each and every factual allegation as stated in paragraphs 1-12 above, and 57-69 of Plaintiff EEOC [D.E. 1] as if set out in full herein.

18. Intervenor RUZ worked for Defendant as a salesperson from approximately December 2008 to March, 2010.

19. Defendant DYNAMIC engaged in unlawful discriminatory employment practices in violation of Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760. Defendant failed to accommodate the religious beliefs of RUZ, when he requested not to participate in Scientology religious practices and teachings on the grounds that he was not a Scientologist.

20. Defendant coerced RUZ to adopt Scientology religious views and practices, as a condition to keep his employment, subjecting him to a hostile working environment and disparate treatment, that led to the resignation from his employment with Defendant.

### Intervenor Rommy Sanchez

21. Intervenor SANCHEZ re-adopts each and every factual allegation as stated in paragraphs 1-12 above, and 70-93 of Plaintiff EEOC [D.E. 1] as if set out in full herein.

22. Intervenor SANCHEZ worked for Defendant in different positions from approximately June or July 2007 to March, 2010.

23. Defendant DYNAMIC engaged in unlawful discriminatory employment practices in violation of Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760. Defendant coerced SANCHEZ to adopt Scientology religious views and practices, subjecting her to a hostile working environment and disparate treatment. Defendant failed to accommodate the religious beliefs of SANCHEZ, when she was required to participate in Scientology religious practices and teachings. When SANCHEZ stopped going to the Church of Scientology regularly, DYNAMIC engaged in unlawful retaliation by firing her, in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10.

### Intervenor Yanileydis Capote

24. Intervenor CAPOTE re-adopts each and every factual allegation as stated in paragraphs 1-12 above, and 94-102 of Plaintiff EEOC [D.E. 1] as if set out in full herein.

25. Intervenor CAPOTE worked for Defendant as a Public Patient Relations employee, from approximately May 2009 to May or June, 2010.

26. Defendant DYNAMIC engaged in unlawful discriminatory employment practices in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760. Defendant failed to accommodate the religious beliefs of CAPOTE, when she requested

not to participate in Scientology religious practices and teachings on the grounds that she was not a Scientologist.

27. Defendant coerced CAPOTE to adopt Scientology religious views and practices, as a condition to keep her employment, subjecting her to a hostile working environment and disparate treatment, that led to the resignation from her employment with Defendant.

### Malice and Reckless Disregard

28. In subjecting Intervenors RODRIGUEZ, RUZ, SANCHEZ and CAPOTE to discrimination and harassment because of their religion, and in retaliating against RODRIGUEZ SANCHEZ for their opposition to unlawful discrimination, Defendants acted with intent, malice and with reckless disregard for Plaintiff's federally protected rights, and her rights under state law.

### Class of Individuals

29. Dynamic required other employees to attend the Courses. These present and/or former employees for which EEOC seeks relief were required to attend Courses to keep their jobs.

30. Dynamic supervisors and Course instructors told other employees for which EEOC seeks relief to attend Courses, seminars, and participate in religious practices at the Church of Scientology.

### STATEMENT OF CLAIMS

31. Intervenors RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE incorporate allegation as stated in paragraphs 1-30 above.

32. DYNAMIC engaged in unlawful employment practices in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute, Chapter 760.10, by subjecting RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE to disparate treatment based on religion when the

employer coerced them to adopt Scientology religious practices and beliefs as a condition of continued employment.

33. DYNAMIC engaged in unlawful employment practices in violation of Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.10, by subjecting RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE and a class of individuals to a hostile work environment based on religion by the employer's unwelcome imposition upon them of Scientology religious views and practices.

34. DYNAMIC engaged in unlawful employment practices in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760, by failing to accommodate the religious beliefs of RODRIGUEZ, who requested not to participate in Scientology religious practices and teachings on the grounds that she is a Jehovah's Witness

35. Paragraphs 1 through 12, 13 through 15, and 20 through 22 are incorporated herein. DYNAMIC engaged in unlawful employment practices in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.10 (1) (a), by terminating RODRIGUEZ and SANCHEZ based on their failure to conform to employer's Scientology religious practices and beliefs.

36. Paragraphs 1 through 12, 14 through 16, and 21 through 23 are incorporated herein. DYNAMIC engaged in unlawful employment practices in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.10, by terminating RODRIGUEZ and SANCHEZ in retaliation for opposing Dynamic's unlawful employment practices by refusing to participate in Dynamic's Scientology practices.

**PRAYER FOR RELIEF**

WHEREFORE, Intervening Plaintiffs RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE respectfully request that this Court enter an order:

A. Granting a permanent injunction enjoining DYNAMIC, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion in violation of the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760;

B. Ordering DYNAMIC to make whole RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE, and a class of individuals subjected to disparate treatment and/or a hostile work providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 to 30 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

C. Ordering DYNAMIC to make whole RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE and a class of individuals subjected to disparate treatment and/or a hostile work environment by providing past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 13 to 30 above, including emotional and physical pain, suffering and mental anguish, in amounts to be determined at trial; and

D. Ordering DYNAMIC to pay RODRIGUEZ, RUZ, SANCHEZ, and CAPOTE, and a class of individuals subjected to disparate treatment and/or a hostile work environment punitive damages for its malicious and reckless conduct, as described in paragraphs 13 to 30 above, in amounts to be determined at trial; and

E. Ordering DYNAMIC to make whole RODRIGUEZ and SANCHEZ by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to awarding front pay to RODRIGUEZ and SANCHEZ;

F. Awarding Intervening Plaintiffs damages for the amount of the costs of litigation and filing including attorney's fees; and

G. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

## JURY TRIAL DEMAND

Intervening Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated June 14, 2013

        Respectfully submitted,

        ZANDRO E. PALMA, P.A.
        3100 South Dixie Highway
        Suite 202
        Miami, FL 33133
        Telephone:   (305) 446-1500
        Facsimile:    (305) 446-1502
        zep@thepalmalawgroup.com

        By: _/s/ Zandro E. Palma_____
            Zandro E. Palma, Esq.
            Florida Bar No.: 0024031