UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21666-WILLIAMS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

NORMA RODRIGUEZ,
MAYKEL RUZ, ROMMY SANCHEZ
and YANILEYDIS CAPOTE,

    Intervening Plaintiffs,

vs.

DYNAMIC MEDICAL SERVICES,
INC.

    Defendant.

_____/

## ORDER APPROVING CONSENT DECREE AND DISMISSING CASE

THIS MATTER is before the Court on Plaintiff Equal Employment Opportunity Commission and Defendant Dynamic Medical Services, Inc.'s Joint Motion for Approval of Consent Decree [D.E. 51]. The Court having reviewed the pleadings and papers filed in this cause, and the Motion for Approval of Consent Decree and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

    a. The Consent Decree [see attached] is APPROVED and ENTERED. The Court shall retain jurisdiction over this matter for the purpose of enforcing the Consent Decree.

    b. Because the consent decree resolves all claims asserted by Plaintiff in their entirety, the above-styled cause is hereby DISMISSED WITH PREJUDICE.

c. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida, this /8 day of December, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21666-WILLIAMS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

NORMA RODRIGUEZ,
MAYKEL RUZ, ROMMY SANCHEZ
and YANILEYDIS CAPOTE,

    Intervening Plaintiffs,

vs.

DYNAMIC MEDICAL SERVICES,
INC.

    Defendant.

_____/

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant Dynamic Medical Services, Inc. ("Dynamic"). EEOC and Dynamic are collectively referred to as the "Parties" throughout this Decree.

### INTRODUCTION

1.     EEOC filed this action on May 8, 2013, and filed an Amended Complaint on September 30, 2013, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, alleging unlawful employment practices on the basis of religious discrimination and retaliation and to provide appropriate relief to Norma Rodriguez, Maykel Ruz,

1

Rommy Sanchez, Yanileydis Capote and to a class of current and/or former employees of Dynamic ("Class Members").

2. EEOC alleged four counts of discrimination: (1) failure to accommodate the requests of Norma Rodriguez, Maykel Ruz, Rommy Sanchez, Yanileydis Capote, and Class Members, that they not be required to participate in Scientology religious practices and teachings on the grounds that Dynamic's mandatory religious employment practices conflicted with employees' sincerely held religious beliefs, their conscience and/or religious sensibilities as non-Scientologists; (2) subjecting Norma Rodriguez, Maykel Ruz, Rommy Sanchez, Yanileydis Capote and Class Members to a religiously hostile work environment; (3) terminating Norma Rodriguez and Rommy Sanchez based on their failure to conform to employer's religious practices and beliefs; and (4) terminating Norma Rodriguez and Rommy Sanchez in retaliation for opposing unlawful employment practices.

3. Dynamic denies the central factual allegations of wrong-doing asserted in the EEOC's complaint. Dynamic asserts that it neither terminated nor caused the termination of any employee for religious or any other prohibited reasons, nor that any religious practice, procedure or requirement was present in the workplace, nor that it engaged in any other wrong-doing asserted in the EEOC's complaint.

4. On June 14, 2013, Plaintiff-Intervenors Norma Rodriguez, Maykel Ruz, Rommy Sanchez, Yanileydis Capote filed their complaint in intervention. On October 4, 2013, Plaintiff-Intervenors filed an amended complaint. Dynamic also denies the central factual allegations of wrong-doing contained in the Intervenor's complaint. Dynamic asserts that it neither terminated nor caused the termination of any employee for

religious or any other prohibited reasons, nor that any religious practice, procedure or requirement was present in the workplace, nor that the Intervening Plaintiffs made the alleged complaints.

5. In the interest of resolving this matter, to avoid further costs and the time commitments related to litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

6. No waiver, modification or amendment of any provision of this Decree will be effective unless made in a writing evidencing an intent to modify this Consent Decree and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

7. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

8. This Decree fully and finally resolves any and all claims asserted by EEOC in the Complaint filed by EEOC in this action styled *EEOC et al. v. Dynamic Medical Services, Inc.*, Case No. 1:13-CV-21666-KMW in the United States District Court, Southern District of Florida on May 8, 2013. Such action arose from individual and class claims raised in EEOC Charge Numbers 510-2011-02608 (*Rommy Sanchez*

*v. Dynamic Medical Services*), 510-2011-02609 (*Norma Rodriguez v. Dynamic Medical Services*), 510-2011-02610 (*Yanileydis Capote v. Dynamic Medical Services*), and 510-2011-02082 (*Maykel Ruz v. Dynamic Medical Services*).

9. The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Dynamic other than the Charges referred to in paragraph 8. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Dynamic in accordance with standard EEOC procedures.

## **FINDINGS**

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties.

    b. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

    c. The terms of this Decree are adequate, reasonable, equitable and just and the rights of the Parties, Class Members, and the public interest are adequately protected by this Decree.

    d. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of

      Title VII and will be in the best interests of the Parties, Class Members, and the public.

  e. Nothing in this Consent Decree constitutes an admission nor shall it be construed as an admission by any party as to the claims or defenses of another party. Specifically, Dynamic is denying the allegations contained in the Complaints.

  f. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Dynamic.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**<u>DURATION OF THE DECREE & RETENTION OF JURISDICTION</u>**

11. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of four (4) years immediately following entry of the Decree, provided, however, that if, at the end of the four (4) year period, any disputes under Paragraphs 37-38, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

**<u>MONETARY CONSIDERATION</u>**

12. Dynamic shall pay total monetary relief totaling $170,000.00 to settle claims asserted by EEOC. Dynamic and Plaintiff-Intervenors have entered into a separate agreement to resolve related claims not asserted by the EEOC and to which

5

EEOC is not a party. The division of the total monetary relief among the Plaintiff-Intervenors and Class Members is as follows:

| Plaintiff-Intervenor or Class Member | Back Pay [for which an IRS W-2 shall issue] | Compensatory Damages [for which an IRS Form 1099 shall issue] |
|---|---|---|
| Rommy Sanchez | $4,400 | $50,000 |
| Norma Rodriguez | $1,000 | $50,000 |
| Maykel Ruz | None | $18,700 |
| Yanileydis Capote | None | $37,400 |
| Class Fund (Class Members) | None | $8,500 |

13. Dynamic shall pay a total of $161,500.00 to Plaintiff-Intervenors. Payment shall be made within twenty-one (21) calendar days following the Court's approval of this Decree. Payment shall be made in three (3) separate checks as follows:

    a. One check shall be made payable to "Rommy Sanchez" in the amount of $4,400.00. This check shall be for back-pay amount owed and shall include payroll deductions and other applicable deductions.

    b. One check shall be made payable to "Norma Rodriguez" in the amount of $1,000.00. This check shall be for back-pay amount

    owed and shall include payroll deductions and other applicable deductions.

  c. One check shall be made payable to "Zandro E. Palma, P.A., Trust Account" in the amount of $156,100.00.

  d. All three checks shall be delivered, via overnight delivery service with signature requested to: Zandro E. Palma, 3100 South Dixie Highway, Suite 202, Miami, FL 33133.

14. Dynamic shall pay $8,500.00 to settle claims brought by EEOC on behalf of Class Members. Payment shall be made within twenty-one (21) calendar days following the Court's approval of this Decree. The checks shall be delivered, via overnight delivery service with signature requested to: EEOC Regional Attorney, Robert E. Weisberg, Re: Dynamic Medical Services Consent Decree, at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131. Checks made payable to the following individuals for the following amounts:

| Class Member | Compensatory Damages |
|---|---|
| Melissa Ferrer | $3,200.00 |
| Ariel Alom | $3,200.00 |
| Gustavo Panesso | $1,600.00 |
| Yanela Blanco | $500.00 |

15. Copies of the checks and related documents (including copies of I.R.S. Form W-2's) that are sent to Plaintiff-Intervenors shall be sent contemporaneously to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Dynamic Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

16. Plaintiff-Intervenors and Class Members who receive monetary compensation under this Consent Decree shall execute a Release. The Release form to be signed by Plaintiff-Intervenors and Class Members who receive monetary compensation under this Consent Decree is attached to this Consent Decree as **Attachment A**. The EEOC shall obtain Releases from Class Members prior to distributing the monetary amounts, and shall forward copies of the signed Releases to Dynamic's attorney. Further, EEOC shall obtain Releases from Plaintiff-Intervenors prior to the twenty-one (21) calendar-day deadline (referred to in Paragraphs 13) for Dynamic to distribute payment to Plaintiff-Intervenors and shall forward copies of the signed Releases to Dynamic's attorney.

17. If Plaintiff-Intervenors and/or Class Members fail to timely receive the payments described in Paragraphs 12-14 above, the total amount of monetary relief that remains outstanding at the time of Dynamic's failure to make timely payment shall become due, and judgment shall be entered against Dynamic for the total amount of unpaid monetary relief.

18. If Plaintiff-Intervenors and/or Class Members fail to timely receive the payments described in Paragraphs 12-14 above, then Dynamic shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same

is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## **INJUNCTIVE PROVISIONS**

19. Without admitting that it previously failed to do so, Dynamic shall conduct all employment practices at each of its places of business in a manner which does not subject any employee to discrimination based upon religion, as prohibited under Title VII.

20. Without admitting that it previously failed to do so, Dynamic shall not discriminate against any employee because of his or her sincerely held religious belief or because he or she does not hold any specific religious belief, such as Scientology.

21. Without admitting that it previously failed to do so, Dynamic shall not discriminate against any employee based on his or her failure to conform to, adopt, or participate in employer's religious practices and beliefs, including but not limited to, Scientology.

22. Without admitting that it previously failed to do so, Dynamic shall not subject any employee to a hostile work environment based on religion by unwelcome imposition upon them of religious views, practices, proselytization of any religion, including but not limited to Scientology.

23. While denying that any of its workplace activities involved any Scientology religious practices or teachings, or any other religious practices, Dynamic shall accommodate requests of its employees that they not be required to participate in workplace activities involving Scientology religious practices and teachings on grounds

that those religious practices and teachings conflict with employees' sincerely held religious beliefs, their conscience and/or religious sensibilities as non-Scientologists.

24. In the event Dynamic offers its employees courses based on and organized around written materials published by the Hubbard College of Administration International ("Courses"), an employee's terms and conditions of employment – such as continued employment, wages, promotions, and ability to perform the duties and responsibilities of employment, among others – shall not be conditioned upon mandatory attendance and/or participation at these Courses. An employee may request an accommodation to be excused from attending and/or participating in the Courses on grounds that the Courses conflict with his or her sincerely held religious belief, his or her conscience and/or religious sensibilities as a non-Scientologist.

25. An employee can make a request for accommodation described in paragraphs 23 and 24, in writing or verbally to any supervisor or Course instructor. Upon receiving such a request for accommodation, Dynamic shall grant that accommodation and not require that employee's attendance at the Courses and/or shall not require employee to participate in Scientology religious practices and teachings. During the pendency of this Decree, Dynamic shall report such requests for accommodation to EEOC as set forth in paragraph 27.

26. Dynamic shall not make employment contingent on applicant or new hire agreeing to attend mandatory Courses and/or workplace activities involving Scientology religious practices and teachings.

## COMPLAINT REPORTING AND INVESTIGATION

27. If any employee requests a reasonable accommodation they not be required to attend or participate in Courses, and/or participate in workplace activities involving Scientology religious practices and teachings, on grounds that those religious practices and teachings conflict with employees' sincerely held religious beliefs, their conscience and/or religious sensibilities as non-Scientologists, during the term of this Decree, including but not limited to requests as described above in paragraphs 23 through 25, Dynamic shall notify EEOC in writing within ten (10) days with the following information: (1) the identity and job title of the requestor, (2) address and current telephone number(s) of requestor, (3) the person to whom the request was being made, (4) the date of the request, (5) the nature and/or description of the request, and (6) the response to the request.

28. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents. Defendant agrees that it will make all employees available to the Commission for interviewing in connection with this compliance review.

29. Any notices to EEOC required by this Decree shall be sent to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Dynamic Medical Services Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

30. Nothing contained in this Decree will be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## ADOPTION AND DISTRIBUTION OF POLICY AGAINST RELIGIOUS HARASSMENT, RELIGIOUS DISCRIMINATION, AND RETALIATION

31. Within 10 days of approval of this Decree by the Court, Defendant will draft a discrimination policy ("Anti-Discrimination Policy") that includes the following terms and/or provisions:

    a. Prohibit all forms of discrimination under Title VII, including, but not limited to discrimination based on religion.

    b. The Anti-Discrimination Policy will state that employees who complain about discrimination, oppose discrimination, and/or engage in any other protected activity will be protected against retaliation.

    c. The Anti-Discrimination Policy will state that employees who request an accommodation on grounds that employment practices or conduct conflict with employee's sincerely held religious belief, his or her conscience and/or religious sensibilities as a non-Scientologist, will be protected against retaliation.

    d. The Anti-Discrimination Policy shall inform all employees of their right to request a reasonable accommodation that they not be required to attend or participate in Courses, and/or participate in workplace activities involving Scientology religious practices and teachings, on grounds that those religious practices and teachings conflict with employees' sincerely held religious beliefs, their conscience and/or religious sensibilities as non-Scientologists.

12

    e.    The Anti-Discrimination Policy will also contain a procedure by which employees who feel they have been subjected to discrimination, harassment, retaliation, or who seek a religious accommodation, including but not limited to accommodation requests described above in paragraphs 23 through 25, can report the discrimination, harassment, retaliation, or the request for accommodation. This reporting procedure will clearly state that employees may report actions they believe constitute discrimination, harassment, or retaliation verbally or in writing and that employees may request an accommodation, including but not limited to accommodation requests described above in paragraphs 23 through 25, in writing or verbally. This reporting procedure will otherwise comply with terms of paragraph 27 above.

32.    The Anti-Discrimination Policy shall be written and posted in both English and Spanish language. Dynamic shall post copies of the Anti-Discrimination Policy (both the Spanish and English versions) on all employee bulletin boards.

33.    Dynamic's agreement to adopt the Anti-Discrimination Policy described above is not an admission that Dynamic's current Anti-Discrimination Policy does not contain these provisions.

34.    Dynamic must forward a copy of the Anti-Discrimination Policy to EEOC within ten (10) calendar days following the Court's approval of this Decree. The Anti-Discrimination Policy is subject to EEOC's review and approval. Dynamic will translate the Anti-Discrimination Policy into Spanish within fourteen (14) calendar days of

receiving EEOC's approval of the English Anti-Discrimination Policy. The Spanish translation will also be provided to EEOC for review and approval. Within five (5) days of receiving EEOC's approval of the Spanish version of the Anti-Discrimination Policy, Dynamic shall post the English and Spanish versions of the Anti-Discrimination Policy according to Paragraph 32 above.

35. EEOC's review of the Policy is not a representation by EEOC that Dynamic has been or is compliant with federal anti-discrimination laws.

## TRAINING

36. For each year that this Consent Decree is in effect, Dynamic shall conduct training for all employees, including supervisors, managers and non-managers, and hourly workers. The trainings will cover the following information:

   a. Advise employees of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.

   b. Inform employees of the procedures for reporting discrimination, harassment, and retaliation.

   c. Inform employees of procedures for requesting a religious accommodation, including but not limited to accommodation requests described above in paragraphs 23 through 25.

   d. The training shall include a specific discussion or instruction relating to the issue of religious discrimination and accommodation.

   e. The training shall be at least two hours in duration. No less than 10 days before the training is conducted, Dynamic agrees to give written notice to the EEOC as to the date and location of the

       training, the name of the person providing the training, and the substance of the training.

    f. All materials used in conjunction with the training shall be forwarded to the EEOC. Within 10 days following the training, Dynamic shall submit to the EEOC confirmation that the training was conducted, and a list of all attendees.

## DISPUTE RESOLUTION

37. No party will contest the jurisdiction of the federal court to enforce this Decree and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by any other party. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceedings during the duration of this Consent Decree. Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises and representations contained herein.

38. In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fifteen (15) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) calendar days, the complaining party may apply to the Court for appropriate relief.

## **NOTIFICATION OF SUCCESSORS**

39. During the term of this Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business, a purchaser of all or a portion of Defendant's assets, or to any other potential successor of the Commission's lawsuit, of the allegations raised in the Commission's complaint, and the existence and contents of the Decree.

## **NO CONDITIONAL RECEIPT**

40. Dynamic will not condition the receipt of individual relief on an individual's agreement to (a) maintain as confidential the terms of this Consent Decree, (b) waive her statutory right to file a charge with any federal or state anti –discrimination agency, or (c) waive her right to apply for a position with Defendant, recognizing that DMS has no obligation to create positions for them or to consider them for positions for which they are not qualified.

DONE AND ORDERED in Chambers in Miami, Florida, this ___ day of December, 2013.

                                                  KATHLEEN M. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE

[Final Signature Page to Follow]

**AGREED TO:**

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____      Date: _____
ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1753
Fax: 305-808-1835
    Attorney for Plaintiff U.S. EEOC


**AGREED TO:**

FOR DEFENDANT DYNAMIC MEDICAL SERVICES, INC.:


By: _____      Date: _____

Dr. Dennis Nobbe

Owner, Dynamic Medical Services, Inc.

17

**Attachment A**

## RELEASE

In consideration for $ _____, paid to me by my employer/former employer Dynamic Medical Services, Inc. ("Dynamic"), in connection with the resolution of the action styled <u>EEOC et al. v. Dynamic Medical Services, Inc.</u>, Case No. 1:13-CV-21666-KMW in the United States District Court, Southern District of Florida, I hereby waive my right to recover for any claims against Dynamic arising under Title VII, and based on religious discrimination, religious harassment, failure to accommodate a religious practice or belief, or retaliation for complaining about same, that I had prior to the date of this Release and that were included in the claims alleged in the amended complaint filed in this case.

Printed Name: _____

Signature: _____

Date: _____